PIERCE, Chief Judge.
This case is on appeal to this Court by appellant Mickey Williams from an order entered by the Manatee County Court of Record denying Williams’ motion for post-conviction relief under CrPR 1.850, 33 F.S.A.
On June 5, 1968, Williams was informed against in that Court for the offense of grand larceny of “a quantity of clothing” belonging to Tallant-Groff, Inc., a corporation, valued at more than $100.00. Upon trial Williams was convicted by a jury on July 31, 1968, and on August 20, 1968, he was adjudged guilty and sentenced to a term of imprisonment in the State Prison.
On February 11, 1969, Williams filed in the trial Court his motion to vacate and set aside said judgment and sentence, which motion on the same day was denied. On March 10, 1969, Williams filed his notice of appeal from the order of February 11, 1969, which appeal was thereafter determined adversely to Williams. Thereafter, on September 10, 1970, Williams filed a second motion to vacate and set aside the judgment against him, and on the same day the trial Court again denied his motion to vacate. Thereafter, on September 22, 1970, he filed his notice of appeal from the order of September 10, 1970, and the case has been lodged here upon said appeal.
Counsel for appellant Williams here, by due appointment of the trial Court, filed brief on behalf of Williams, wherein he states that—
“Inasmuch as the Office of the Public Defender of the Twelfth Judicial Circuit has represented Appellant at his Trial and in his first subsequent appeal, this office is well familiar with the case and the facts concerning it. Attorney for Appellant can therefore only contend and maintain that Appellant has received adequate counsel both at the trial and during his first appeal. Attorney for Appellant therefore submits that this latest appeal has no merit and should be dismissed as frivilous. Attorney for Appellant would cite his authority for this in the case of Anders v. State of California, 735 U.S. 386 [386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493].”
While Anders involved a direct appeal from a judgment of conviction, we consider the instant appeal to present to this Court the same general question involved in Anders and to be governed by that case with respect to further proceedings herein.
It appears from the record in this Court that on January 5, 1971, the local Public Defender served upon appellant Williams, by certified mail, a copy of his brief on behalf of Williams, and that Williams personally acknowledged receipt thereof, which return receipt has been duly filed here.
It also appears from our records that on January 15, 1971, Williams was served personally by certified mail, return receipt requested, with copy of order entered by this Court on January 8, 1971, allowing Williams thirty days from said January 15, 1971, or until February 14, 1971, within which to file in this Court a further brief in his own behalf raising any points that he feels this Court should consider in connection with his appeal, but that notwithstanding the same, appellant Williams has failed to file in this Court any such further brief in his own behalf on or before February 14, 1971.
Pursuant to all the foregoing, this Court has examined and carefully considered the entire record filed here in this cause and has failed to find any reversible error in the proceedings in the Court below, or any reason why the judgment appealed should not be affirmed.
In accordance therewith, the said judgment of the lower Court herein appealed from is—
Affirmed.
LILES and McNULTY, JJ., concur.